# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

LORENZO SUTTLES,                      )
                                      )
      *Petitioner*,                      )
                                      )
v.                                    )          Nos.    1:01-CR-188-TRM-CHS-2
                                      )                  1:16-CV-279-TRM
UNITED STATES OF AMERICA,             )
                                      )
      *Respondent*.                      )

## MEMORANDUM OPINION

Federal prisoner Lorenzo Suttles ("Petitioner") filed for post-conviction relief pursuant to 28 U.S.C. § 2255 on October 5, 2009 [Doc. 225; E.D. Tenn. Case No. 1:09-cv-261-RAE].[1]  The Court denied that motion on March 27, 2015 [Docs. 250, 251].  On June 27, 2016, Petitioner filed a second pro se motion attacking the same criminal conviction—this time relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 260].  Review leads the Court to conclude counsel intended the filing to reach the Sixth Circuit as a successive petition.

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the District Court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to consider the motion.  28 U.S.C. § 2255(h).  No such order has been received by this Court.  Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** the filing [Doc. 260] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case: E.D. Tenn. Case No. 1:01-cr-188-TRM-CHS-2.

To the extent Petitioner requests that this Court stay its ruling on his § 2255 motion until the Sixth Circuit can grant or deny leave to file that petition [Doc. 259], the Court notes that the limitation found in § 2255(h)(2) is jurisdictional, *see United States v. Partin*, No. 6:96-cr-63, 2013 U.S. Dist. LEXIS 184124, at *6 (E.D.K.Y. Dec. 17, 2013) (noting that the pending petition was a successive petition under § 2255(f)(3) and concluding that the Court lacked "jurisdiction to assess the merits of [the] claims [therein]"), and thus it lacks authority to do anything but transfer the motion in accordance with § 1631. As such, the motion to stay [Doc. 259] will be **DENIED**.

**ORDER ACCORDINGLY.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**